# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

**PUEBLO OF POJOAQUE, a federally
recognized Indian Tribe,**
     Plaintiff,

vs.                                   No. 1:13-cv-01186-JAP/KBM

**STATE OF NEW MEXICO,**
     Defendant.


## ORDER OF DISMISSAL

In DEFENDANT STATE OF NEW MEXICO'S ANSWER TO PLAINTIFF'S

COMPLAINT FOR FAILURE TO CONCLUDE COMPACT NEGOTIATIONS

IN GOOD FAITH, 25 U.S.C. § 2710(D) (Doc. No. 20), Defendant State of New Mexico asserts

sovereign immunity as an affirmative defense to Plaintiff's claims that Defendant failed to

negotiate with Plaintiff in good faith in violation of the Indian Gaming Regulatory Act of 1988,

25 U.S.C. §§ 2701-2721. Because the Court finds that Defendant is protected by sovereign

immunity, the Court will dismiss Plaintiff's complaint without prejudice.

The Supreme Court has determined that the Eleventh Amendment doctrine of sovereign

immunity prevents an Indian tribe from compelling an unwilling state to negotiate with a tribe in

good faith under § 25 U.S.C. 2710. *Seminole Tribe v. Fla.*, 517 U.S. 44, 47 (1996) ("[T]he Indian

Commerce Clause does not grant Congress [the power to abrogate state sovereign immunity],

and therefore § 2710(d)(7) cannot grant jurisdiction over a State that does not consent to be

sued."). In fact, Plaintiff has conceded that the Court should enter an order of dismissal "[if] the

State [of New Mexico] does assert Eleventh Amendment [i]mmunity as an [a]ffirmative

[d]efense in its [a]nswer." *See* RESPONSE TO DEFENDANT'S MOTION TO SET ASIDE

DEFAULT AND DEFAULT JUDGMENT (Doc. No. 18).

IT IS THEREFORE ORDERED THAT this case is dismissed without prejudice because

Defendant has asserted sovereign immunity under the Eleventh Amendment.



_____

SENIOR UNITED STATES DISTRICT JUDGE